## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

DERRICK L. NICHOLSON,                    )
                                         )
             Plaintiff,                  )
                                         )
v.                                       )          CV424-067
                                         )
COLBERT, *et al.*,                       )
                                         )
             Defendants.                 )

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, filed his Complaint in the Superior Court of Chatham County, Georgia on September 1, 2023, against Judge Lisa G. Colbert, Judge Colbert's Administrative Assistant Monique Baker, Jameeka Aiken, and Assistant District Attorneys Candace Blyden and Bonnie Jones. *See generally* doc. 1-1 at 18-70. Plaintiff amended his Complaint in state court on March 4, 2024, wherein he omitted Defendant Blyden from the caption and, seemingly, from the factual allegations, *see* doc. 1-1 at 2-11. All Defendants except Aiken answered the Complaint in Superior Court. *See* docs. 13, 15. Defendants removed the action to this Court and Aiken filed her Answer. *See* docs. 1, 7.

Aiken then moved for judgment on the pleadings, *see* doc. 16, followed by Defendants Blyden, Colbert, and Jones, doc. 17.   Despite having filed an Answer, Defendant Baker noted in the jointly filed Notice of Removal that she disputes service.   Doc. 1 at 2.   However, Baker has not joined the motions for judgment on the pleadings or separately filed a dispositive motion seeking dismissal or other relief.   *See generally*, docket.   Plaintiff filed a Response to Aiken's Motion, doc. 19, but did not file a response to the joint Motion filed by Defendants Colbert, and Blyden, and Jones, *see generally* docket.   The two motions are ripe for the Court's consideration.

Before the Court turns to the two dispositive motions, however, Plaintiff's "Motion" to change address, doc. 26, is **DISMISSED** as moot, given that the relief requested—that the Court be made aware of his new mailing address—has already been noted.   *See generally* docket. Previously, the Court ordered Plaintiff to show cause because he failed to provide the Clerk with a complete and current address.   *See* doc. 25. Although the Court's show cause order was returned as "Undeliverable/vacant," *see* doc. 28, Plaintiff responded to the Order to Show cause, *see* doc. 27, and he filed a "Motion" to change his Address,

doc. 26.  The Clerk resent the Order to Show Cause to Plaintiff's new address noted in the Motion.  *See* doc. 28.  Nicholson's response satisfies the Court's direction to show cause, and the Court takes no further action on that issue.

## I.   Facts

Because this matter is before the Court on a motion for judgment on the pleadings, the Court accepts all well-pleaded facts in the Amended Complaint as true and draws all reasonable inferences in favor of the non-movant.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  Additionally, Plaintiff's Amended Complaint, filed in Superior Court on March 3, 2024, doc. 1-1 at 2-4, is operative here. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982);  *see also Hill v. Bd. of Regents of the Univ. Sys. of Ga.*, 829 S.E.2d 193, 203 (Ga. Ct. App. 2019) ("As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment

specifically refers to or adopts the earlier pleading."); *see id.* at n.22 ("OCGA § 9-11-15 addressing amendments is modeled after Rule 15 of the Federal Rules of Civil Procedure.")

Plaintiff's Amended Complaint stems from an arrest and subsequent criminal proceedings which somehow also involved either the issuance of, or a violation of, a protective order against him. Doc. 1-1 at 2-4. Plaintiff alleges that on December 15, 2021, Defendant Colbert, in her role as a Superior Court judge, refused to allow him to "face [his] accuser," which Plaintiff argues constitutes a violation of Sixth Amendment rights. *Id.* at 2. Plaintiff then argues that on July 29, 2022 and March 9, 2023, Judge Colbert denied his bond which violated a Georgia statute as well as the Eighth Amendment "excessive Bond and cruel and unusual punishment" clauses. *Id.* Plaintiff claims that then, Judge Colbert denied Plaintiff's Motion for Speedy Trial despite its timeliness, and that Judge Colbert failed to "answer" his Motion to Quash Indictment, which Plaintiff alleges was a violation of his Fourteenth Amendment rights of equal protection as well as Georgia procedural statutes.

Plaintiff next claims that Baker "received evidence" from him via email which she did not "turn into the courts" even after Plaintiff informed her that it was evidence for his "Zoom" hearing.  Doc. 1-1 at 2. Plaintiff claims this inaction violates both Georgia statute prohibiting the "tampering with" evidence and the Fourteenth Amendment.  *Id.* Plaintiff argues that Jones introduced a "false declaration" or a "defective" declaration to the grand jury, which constituted a Sixth Amendment violation because the declaration did not inform him of the nature of the crime with enough detail.  He also claims this violated a federal statute.  *Id.* at 3. Finally, Plaintiff claims that Aiken "had the plaintiff ambush[ed] and arrested at his home" violating his Fourth Amendment rights, and further that Aiken "maliciously charg[ed] him with the felony charge she kn[e]w he did not commit."  *Id.*

## II.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed

facts." *Cunningham v. Dist. Attorney's Off. for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotation and citation omitted). Generally, to decide a motion for judgment on the pleadings, a court "may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 James Wm. Moore Et Al., Moore's Federal Practice – Civil § 12.38 (2018).

"The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." *Marshall v. Safeco Ins. Co. of Ind.*, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013). Therefore, the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335; *see also Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009). No matter the authority given for dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"). Rather, the complaint must "give the defendant fair notice of

6

what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation and internal quotations omitted) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) only if "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *see also King v. Akima Glob. Servs.*, LLC, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam).

Here, the Federal Rules of Civil Procedure 12(c), 12(b)(6), and 8(a) work in tandem. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rule 8(a)(2) provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a

responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).

To that end, a complaint must state a facially plausible claim for relief, and "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). However, where "[m]ore specific allegations . . . would have remedied the pleading problems found by the district court," the court is required to give a *pro se* plaintiff the opportunity to amend his complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)) (internal quotation marks omitted).

## III.  Aiken's Motion for Judgment on the Pleadings

Defendant Aiken claims that she is entitled to qualified immunity in her individual capacity because Plaintiff failed to allege that Defendant Aiken conducted an unlawful search and seizure, or because

Plaintiff failed to assert her personal participation in the constitutional violations at all.  Doc. 16 at 5-8.  She next argues that, to the extent she has been sued in her official capacity, she is entitled to "official immunity" under Georgia law and also that Plaintiff failed to sufficiently allege municipal liability under Section 1983.  *Id.* at 9-10.  Defendant Aiken next argues that Plaintiff failed to sufficiently plead an emotional distress claim.  *Id.* at 11.  Finally, Defendant Aiken argues that even if he stated some official capacity claim, Plaintiff failed to properly serve *ante litem* notice, and therefore his official capacity and municipal claims fail.  *Id.* at 14-15.

To obtain relief under 42 U.S.C. § 1983, which Plaintiff invokes in his Amended Complaint, *see* doc. 1-1 at 3, he must "show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Medical Cntr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Defendant Aiken's role in the situation underlying Plaintiff's claims is unclear.  Plaintiff merely alleges that Defendant Aiken somehow caused Plaintiff's ambush, arrest, and charges.  *See* doc. 1-1 at 3 ("Aiken . . . had the plaintiff ambush [sic] and arrested at his home filing [sic] his fourth amendment, and maliciously charging him with the felony charge . . . .")

Thus, Plaintiff's allegations are so vague that the Court is unable to discern whether Aiken is a state actor and may therefore be liable under § 1983.

Even if the Court were to assume that Aiken is a state actor, Plaintiff's claim still fails as currently pled because he has not factually supported his illegal search and seizure claim; he merely denies that he committed the act for which he was arrested. Doc. 1-1 at 3. As Defendant argues, "Plaintiff seems to connect [Aiken's] actions with the order of protection, but does not give any factual information to establish that Defendant Aiken['s] actions were improper." *See* doc. 16 at 7 (citing doc. 1-1 at 2-11). Plaintiff's bare bones allegations simply do not state a Fourth Amendment claim under § 1983 sufficient to satisfy Rule 8. *See, e.g.*, *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (identifying elements of false arrest claim); *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (discussing claims of false arrest or imprisonment under the Fourth Amendment).

However, a complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) only if "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved

consistent with the allegations." *Horsley*, 292 F.3d at 700. And, "[g]enerally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice, unless doing so would be futile because a more carefully crafted complaint would still not be able to state a claim or the plaintiff clearly indicates that he does not wish to amend his complaint." *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citing *Woldeab*, 885 F.3d at 1291-92). In this case, the deficiencies contained within Plaintiff's Complaint could be cured by amendment.

Though Plaintiff has been inarticulate in his allegations against Aiken, such failures, at least as to the Fourth Amendment claim, are amendable. Without question, Plaintiff's Complaint is vague and conclusory, and the allegations against Aiken constitute naked assertions because they lack factual support completely. However, Plaintiff's allegation that he was ambushed and arrested in his home in violation of the Fourth Amendment hints at facts which may support a Fourth Amendment claim. The Court must accept his allegations as true and finds fault not in the impossibility of Plaintiff's argument but in the lack

of information provided by Plaintiff regarding the events giving rise to the alleged violation. Therefore, he should be allowed an opportunity to amend his Complaint.

Contrarily, Defendant Aiken has not shown why she is entitled to qualified immunity. Aiken is correct that, if she is a state actor, she may be entitled to qualified immunity, and she is also correct that Eleventh Amendment immunity bars any claims against her in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). However, on the record before the Court, it is not an "undisputed" fact that Aiken was a state actor who may be immune from suit at all.[1] "Qualified immunity is an affirmative defense to personal liability that the defendant has the burden of pleading." *Moore v. Morgan*, 922 F.2d 1553, 1557 (11th Cir. 1991) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)); see also *Courson v. McMillian*, 939 F.2d 1479, 1486 (11th Cir. 1991)

---

[1] Plaintiff's response indicates that Aiken is an investigator, doc. 19 at 2, and Defendant Aiken quotes caselaw suggesting precedent applying to police officers is relevant, *see* doc. 20 at 4 ("While 'no police officer can truly know another person's subjective intent'"). But Aiken never explicitly identifies herself as an official who would be protected by qualified immunity. She merely presents hypothetical scenarios which would undoubtedly apply to *covered* officials and appears to assume the Court will infer as much or to pass the burden to Plaintiff to establish as much. Indeed, Plaintiff must allege that §1983 applies and should do so in his Amended Complaint, but Defendant must affirmatively plead that qualified immunity covers her to obtain dismissal on those grounds.

("Procedurally, qualified immunity must be pled by the defendant official as an affirmative defense.").

Based upon the record, Aiken could be anyone from a U.S. Marshal, *see* doc. 19 at 1, to a neighbor who reported Plaintiff to the police, thereby "causing" his arrest, *see* doc. 16 at 5, or someone otherwise capable of bringing charges against him, *see* docs. 1-1 at 3 & doc. 19 at 5. Defendant Aiken does not further identify herself and therefore, it is not clear that she is immune from suit. Consequently, the Court is unable to dismiss Plaintiff's § 1983 claim on the basis of qualified immunity on the federal claims. Furthermore, the Court is unable to find it undisputed that Defendant Aiken was a "public officer" or "employee" who is entitled to "limited protection from suit in their personal capacities" under Georgia law either. *See* doc. 16 at 9 (citing *Wilson v. Cromer*, 847 S.E.2d 213, 216 (Ga. Ct. App. 2020); *see also id.* (arguing that "[t]he decision to arrest is a discretionary act," but failing to allege that Defendant Aiken made this decision and if so, in what capacity.").

However, to the extent alleged, any state law official capacity claim and any municipal liability claims fail.[2]  Indeed, these allegations are so vague and conclusory that the Court is unable to discern them at all.  *See Iqbal*, 556 U.S. at 678 (A complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.") (quoting *Twombly*, 550 U.S. at 557).  Yet, whereas prior claims were amendable, Plaintiff does not dispute that he has failed to adequately comply with the *ante litem* notice statute for claims against Defendant Aiken in her official capacity.  Such a failure is not amendable, and therefore, to the extent Plaintiff brought any official capacity claims against Aiken under state law, or to the extent any official capacity claims which are properly interpreted as municipal *Monell* claims have been alleged, they should be dismissed.  *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1545 n.2 (11th Cir. 1996) (resolving official capacity claims as those against a county) (citing *Graham,* 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the

---

[2] This case was removed on the basis of federal question jurisdiction. *See* doc. 1-2. However, the parties appear diverse. *Id.*  Therefore, while the Court might ordinarily decline to exercise supplemental jurisdiction over the state law claims alleged, in the interest of efficiency, this recommendation considers the merits of all claims.

entity.")); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) .

Next, Defendant Aiken argues that, to the extent alleged, Plaintiff's Eighth Amendment and Sixth Amendment claims fail.  Doc. 16 at 8.  The Court is unable to discern any factual basis for a claim under either the Sixth or Eighth Amendment against Defendant Aiken in Plaintiff's Complaint.  Moreover, given that the factual attack against Aiken asserts that she caused him to be arrested somehow, there appears to be no possible connection between Aiken's murky role in this suit and Plaintiff's Eighth Amendment and Sixth Amendment claims against other parties in this suit.  Thus, those claims should be **DISMISSED** against Defendant Aiken to the extent they were alleged.

Finally, Defendant Aiken asserts a defense against an emotional distress claim.  *See* doc. 16 at 11.  Plaintiff indeed mentioned that he is entitled to damages for emotional distress.  To the extent alleged, Plaintiff's emotional distress claim against Aiken fails because he has failed to articulate anything further than a general entitlement to damages.  Moreover, it is apparent that he believes the distress he suffered was incurred because of his unlawful prosecution and not

because of the potentially viable claim that he was unconstitutionally seized. For the reasons explained below, claims regarding the prosecution fail, any thus the associated emotional distress suffered on account of that prosecution should be dismissed. Because it does not appear to the Court that Plaintiff articulated an intentional infliction of emotional distress claim against Defendant Aiken specifically, her Motion should be granted as to that claim.

Accordingly, all claims against Defendant Aiken should be **DISMISSED** except Plaintiff's Fourth Amendment claim that he was illegally searched or seized. Therefore, the Court **RECOMMENDS** that Defendant Aiken's Motion for Judgment on the Pleadings, doc. 16, be **GRANTED, in part** and **DENIED**, **in part**. Plaintiff is **DIRECTED** to provide details as to his Fourth Amendment search and seizure claim against Defendant Aiken by August 22, 2024 via an amended complaint. Given that this is his third attempt at filing this Complaint, Plaintiff is instructed that his Fourth Amendment search and seizure claim is <u>the only claim which he may assert against Aiken</u>, and to the extent that he fails to restrict his amendment to that claim, allegations will be disregarded unless he seeks and obtains Defendant Aiken's consent or

leave of Court to add other claims.   *See* Fed. Rule Civ. P. 15(a)(2). Moreover, failure to comply with this instruction may result in dismissal of his case for failure to comply with a court order.   *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Correspondingly, Defendant Aiken is not barred from renewing or asserting the qualified immunity defense more precisely, assuming Plaintiff complies with the Court order and pleads a Fourth Amendment claim against Defendant Aiken in a second amended complaint.

## IV.   The Colbert-Blyden-Jones Motion for Judgment on the Pleadings

Plaintiff's claims against Defendants Colbert and Jones are relevant to their supposed failures to execute their official functions. Plaintiff claims that Judge Lisa Colbert "refuse[d]" to allow him to face his accuser, unlawfully denied his bond and demand for speedy trial, and

failed to timely "answer" his Motion to Quash.  Doc. 1-1 at 2.  He then complains that Jones "introduced a false declaration to the grand jury knowing it was defective and it was a violation of his sixth amendment right because it did not inform the defendant of the nature of the crime with specific detail of the actions."  *Id.*  Plaintiff failed to even mention Defendant Blyden in the Amended Complaint.

Regarding Defendant Colbert, judicial immunity applies when two circumstances are met.  First, the complained-of action must have occurred while the judge was acting within the judicial role.  *See Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (per curiam).  Second, the judge must not have taken the action in the clear absence of all jurisdiction.  *See id.*  Whether a judge's actions were made while acting in the judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.  *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983).  The second circumstance refers to subject-matter jurisdiction.  *See Dykes*, 776 F.2d at 947-50.  Subject-matter

18

jurisdiction concerns "the classes of cases . . . falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). To receive declaratory or injunctive relief against a judicial officer under Section 1983, there must also be an "absence of an adequate remedy at law." *Id.* at 1242. A state appellate process is an adequate remedy at law. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam).

Plaintiff's claims for damages against Judge Colbert are clearly barred by absolute judicial immunity, and thus she is immune from Plaintiff's claim for damages. *Bolin,* 225 F.3d at 1239. Additionally, Plaintiff may not pursue collateral review of his state court judgment via § 1983, and to the extent he seeks to overturn any conviction or incarceration, he may not pursue a § 1983 claim to do so. *See* 42 U.S.C. § 1983 (stating "injunctive relief" is not available "for an act or omission taken in such officer's judicial capacity . . . ."); *see also Heck v. Humphrey*, 421 U.S. 477 (1994). Plaintiff is not entitled to declaratory or injunctive relief separate from or in addition to overturning his conviction, either.

*See Sibley*, 437 F.3d at 1073-74 (citing *Bolin*, 225 F.3d at 1243 and comparing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005)). Plaintiff has an otherwise adequate remedy at law—specifically, the right to appeal his conviction to the state appellate courts. Thus, any declaratory or injunctive relief he seeks is unavailable. For these reasons, Judge Colbert has absolute immunity from Plaintiff's claims for damages, declaratory relief, and injunctive relief.

As to Defendant Jones, prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *See Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976); *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999)*; Fullman v. Graddick,* 739 F.2d 553, 558–59 (11th Cir. 1984). Prosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing. *Burns v. Reed,* 500 U.S. 478, 490-92 (1991); *Kalina v. Fletcher,* 522 U.S. 118, 126 (1997); *see also Van de Kamp v. Goldstein,* 555 U.S. 335, 342, (2009). Though it is not

clear in what aspect of the judicial proceedings Defendant Jones allegedly misbehaved, it clearly falls into one of these actions based upon the record before the Court. Therefore, Plaintiff is not entitled to damages against Jones for her role in prosecuting him, including any emotional distress damages alleged.

To the extent Plaintiff seeks declaratory or injunctive relief from Jones, he has not established that there was a violation, and as before, he has not established that there is no adequate remedy at law. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal cases not only to the Georgia Court of Appeals, but also to the Supreme Court. *Bolin*, 225 F.3d at 1242. He does not allege that he has done so.

Next, Plaintiff's state law defamation and libel claims against these Defendants are likewise barred. See doc. 1-1 at 3. These claims clearly fail under the Georgia Torts Claims Act, wherein the state of Georgia

> waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.

O.C.G.A. § 50-21-23.  First, Plaintiff did not dispute Defendants Colbert and Jones' assertion that he has failed to satisfy the state's *ante litem* notice requirements pursuant to O.C.G.A § 50-21-26.  Second, Plaintiff did not controvert Defendant's assertion that he failed to effect service pursuant to and required by the Georgia Tort Claims Act, O.C.G.A. § 50-21-35.  Third, even if Plaintiff had complied with the Act, his claims would still fail because Georgia does not waive sovereign immunity as to prosecutorial action or claims of false imprisonment, false arrest, malicious prosecution, libel, or slander.  O.C.G.A. §§ 50-21-24(4), (7) ("The state shall have no liability for losses resulting from . . . .   [l]egislative, judicial, quasi-judicial, or prosecutorial action or inaction;   false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander.")   These enumerated limitations in the state's waiver of sovereign immunity render Plaintiff's Amended Complaint meritless and amendment as to this claim would be futile.

As noted above, Plaintiff failed to include Defendant Blyden in his Amended Complaint.  Therefore, he appears to have abandoned claims against her in his amendment. Furthermore, because it appears that he sought relief against Blyden for the same reasons he sought relief from

Jones, it is clear that his failure to describe how Blyden wronged him—even if inadvertent—is not amendable.   The Court therefore **RECOMMENDS** that Defendants Colbert, Blyden, and Jones' Motion for Judgment on the Pleadings, doc. 17 be **GRANTED**, and that Plaintiff's claims against them be **DISMISSED**.

## V. CONCLUSION

The Court recommends that Defendant Aiken's Motion for Judgment on the Pleadings, doc. 16, be **DENIED**, **in part** and **GRANTED, in part**.  Specifically, Plaintiff's Fourth Amendment claim appears amendable, and Defendant failed to articulate a basis for qualified immunity.   Therefore, as to Plaintiff's Fourth Amendment claim, the Court recommends that Defendant Aiken's Motion, doc. 16, be denied in part.  As noted above, Plaintiff is **DIRECTED** to provide details as to his Fourth Amendment search and seizure claim against Defendant Aiken via Amended Complaint by August 22, 2024.   In his Amended Complaint, Plaintiff may assert only his Fourth Amendment search and seizure claim against Aiken unless he seeks and obtains Defendant Aiken's consent or leave of Court to add other claims against her.  *See* Fed. Rule Civ. P. 15(a)(2).   Moreover, failure to comply with this

instruction may result in dismissal of his case for failure to comply with a court order.  All other claims asserted against Defendant Aiken by Plaintiff should be **DISMISSED**.  Therefore, as to those claims, Defendant Aiken's Motion should be granted, in part.  Doc. 16, in part.

Defendant Baker has neither joined nor asserted her own motion for relief, and therefore, **claims against her remain pending**. However, Plaintiff is reminded that any amended complaint will supersede his former Complaint, and allegations from his previous filings will be abandoned unless reasserted.  *Pintando*, 501 F.3d at 1243.  To be clear, if Plaintiff fails to plead claims against Baker in the amended complaint, she will be dismissed from this case.  Any remaining Defendant may assert their defenses in response to Plaintiff's amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

The Court recommends that Defendants Colbert, Blyden, and Jones' Motion for Judgment on the Pleadings, doc. 17, be **GRANTED**.

Furthermore, discovery in this case is **STAYED** as to all parties in this case, pending Plaintiff's filing of his Amended Complaint. Therefore, the Motion to stay filed by Defendants Colbert, Blyden, and Jones on behalf of all parties, doc. 18, is **DISMISSED** as moot. Likewise, Plaintiff's Motion for Discovery, Interrogatories, Request for Admission, Request for Production, is **DENIED**. Doc. 10. As well, Plaintiff does not need leave of court to pursue his case *pro se*, and therefore his Motion to "allow him to proceed *pro se* and represent himself through these proceedings," doc. 11, is **DISMISSED** as moot. Finally, as noted above, Plaintiff's Motion of Notice Change of Address, doc. 26, is **DISMISSED** as moot, though the Court and Clerk take note of his new mailing address. *See, e.g.*, doc. 28.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 2nd day of August, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA