# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DERRICK L. NICHOLSON,           )
                            )
        Plaintiff,           )
                            )
v.                              )       CV424-067
                            )
COLBERT, *et al.*,              )
                            )
        Defendants.          )

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, filed his Complaint in the Superior Court of Chatham County, Georgia on September 1, 2023, against Judge Lisa G. Colbert, Judge Colbert's Administrative Assistant Monique Baker, Jameeka Aiken, and Assistant District Attorneys Candace Blyden and Bonnie Jones. *See generally* doc. 1-1 at 18-70. Plaintiff amended his Complaint in Superior Court on March 4, 2024, wherein he omitted Defendant Blyden from the caption and, seemingly, from the factual allegations, *see* doc. 1-1 at 2-11. All Defendants except Aiken answered the Complaint in Superior Court. *See* docs. 13 & 15. Defendants removed the action to this Court and Aiken filed her Answer. *See* docs. 1 & 7.

Defendant Aiken then moved for judgment on the pleadings, *see* doc. 16, followed by a separate motion from Defendants Blyden, Colbert, and Jones, doc. 17.  The Court granted Defendant Aiken's Motion, in part, and then granted Defendants Blyden, Colbert, and Jones' motion, dismissing them from the case.  Doc. 29 at 23-25 (adopted by doc. 34).  Then, the Court directed Plaintiff to amend his Complaint as to Defendant Aiken.  *Id.* at 23.  Because Defendant Baker did not join the pleadings or file her own motion, claims against her remained pending.  Doc. 34 at 1.  Plaintiff amended his Complaint for the second time, as directed, doc. 31, and Defendant Aiken filed a Motion to Dismiss, doc. 32.  Defendant Baker filed an Answer to the Second Amended Complaint, doc. 33, but then filed a Motion to Dismiss, doc. 35, and a Motion to Stay, doc. 36.  Plaintiff responded to Aiken's Motion, doc. 37, but he did not respond to either of Baker's.  Nevertheless, all motions are ripe for review.

## I.  Facts

Plaintiff's allegations in this case stem from state court proceedings resulting in a protective order being entered against him, and then his arrest for violating that protective order.  *See, e.g.*, doc. 1-1 at 2-4.

Plaintiff's Second Amended Complaint alleges that he sent evidence in the form of text messages and video to Defendant Baker, who served as Judge Lisa Colbert's judicial assistant, in preparation for the initial hearing on the protective order. Doc. 31 at 2. Plaintiff argues that, because Defendant Baker failed to forward his "evidence" to Judge Colbert prior to the hearing, the protective order was unfairly entered against him. *Id.* at 3.

Then, on January 20, 2022, Defendant Aiken, who was employed by the Savannah Police Department, contacted him regarding communications between Plaintiff and the individual protected by the order. Doc. 31 at 2. Plaintiff concedes that he contacted this individual after she contacted him, but believes the contact was justified. *Id.* In any event, Plaintiff was awoken early in the morning on June 10, 2022, by armed "men shouting through [his] bedroom door for [him] to come out." *Id.* at 2. He was then transported and transferred to Chatham County jail where he was held on unspecified charges. *Id.* Plaintiff alleges Defendant Aiken violated "federal rule 903," that she made false statements, and that she kidnapped him by transporting him across state boundaries. *Id.* at 3. Though he does not allege that Aiken was present

during his arrest, he claims that Aiken violated his Fourth Amendment rights to "unwanted searches and seizures by having him arrested at his Miami home with no warrant to show jurisdiction." *Id.* He claims Defendant Aiken "wasted taxpayers['] money just to cause harm to a man when all she had to do was get a valid warrant an[d] call him like she already was doing an[d] told him about the warrant an[d] gave him money to get on gray hound bus he would've gladly turn[ed] himself in." *Id.* at 2. Though he was directed to only make Fourth Amendment claims against Aiken (doc. 29 at 23), he has asserted allegations against both Defendants Baker and Aiken asserting other claims. [1] *See* doc. 31 at 3. Defendants Baker and Aiken have each moved to dismiss Plaintiff's claims. *See* docs. 32 & 35.

---

[1] Plaintiff entitled a section of his Second Amended Complaint "NUISANCE." Doc. 31 at 3. "Nuisance" is a legal term of art. *See, e.g., McBrayer v. Governors Ridge Off. Park Ass'n, Inc.*, 860 S.E.2d 58, 62 (Ga. App. 2021) ("A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance.") (citing O.C.G.A. § 41-1-1). Plaintiff included no allegations relevant to the statutory or common law nuisance tort or otherwise. The Court's leniency to a *pro se* plaintiff does not allow the court license to serve as his "de facto counsel . . ., or to rewrite an otherwise deficient pleading in order to sustain an action." *Powers v. Avondale Baptist Church*, 393 F. App'x 656, 657 (11th Cir. 2010) (internal quotation marks omitted); *In re Unsolicited Letters to Fed. Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). Thus, to the extent alleged, Plaintiff's nuisance claim should be dismissed as frivolous.

## II.    Procedural Posture

As noted above, Defendant Baker filed an Answer and then filed a Motion to Dismiss.  *See* docs. 33 & 35.  Because the Motion to Dismiss is procedurally improper, the implication of that impropriety must be addressed before turning to the Motion's merits.  Federal Rule of Civil Procedure 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b).  However, a party raising by motion the defenses enumerated under the rule must do so "before pleading if a responsive pleading is allowed."  *Id.* (emphasis added).  Defendant Baker filed her Motion to Dismiss after filing her Answer, if only just.  *Compare* doc. 33 (Answer filed Aug. 27, 2024), with doc. 35 (Motion to Dismiss filed later same day).  "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed."  *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

Even though Defendant Baker raised the same issues presented in her Motion to Dismiss in her Answer, *see, e.g.*, doc. 33 at 4, that does not necessarily save her from her procedural misstep.  *See Walker v. Mead*, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) ("[T]o the extent the

Motion seeks dismissal under Federal Rule of Civil Procedure 12(b), any right thereto has been waived because [defendant] filed his Motion contemporaneously with his answer, in contravention of Rule 12(b)'s requirement that a motion to dismiss be filed *before* the responsive pleading."); *see also Brisk*, 709 F. Supp. at 1147 ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss."); *cf. Ward v. Glynn Cnty. Board of Comm'rs*, 2016 WL 4269041, at *7 (S.D. Ga. Aug. 11, 2016) (declining to find that defendant's filing of an answer on the same day as its motion to dismiss for failure to state a claim rendered the motion moot, where motion was submitted before the responsive pleading).

Even though Defendant Baker's motion to dismiss is procedurally improper, it is not necessarily fatal to the underlying substance of her arguments. Some district courts in the Eleventh Circuit simply deny as moot an untimely filed motion to dismiss. *See Walker*, 2014 WL 2778162, at *1, *3 (denying motion to dismiss filed simultaneously with answer and collecting cases where "[d]istrict [c]ourts in the Eleventh Circuit [have] routinely den[ied] motions to dismiss as moot which are filed simultaneously with or after an answer is filed."). However, other courts

address the substantive arguments, at least those made under Rule 12(b)(6), "as if they had been properly raised in a motion for judgment on the pleadings." *Brisk*, 709 F. Supp. at 1147-48; *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2019 WL 4863378, at *2 (S.D. Fla. Oct. 2, 2019) (noting that Rule 12(b) "requires that all . . . motions be filed prior to a responsive pleading," and construing Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c)); *Alilin v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7734262, at *4 (M.D. Fla. Jan. 30, 2014) (construing a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c), since the standards are the same); *see also* Fed. R. Civ. P. 12(i) (contemplating motions requesting that the Court hear and decide any defenses raised "in a pleading or by motion" prior to trial).  A district court's determination as to how to proceed is discretionary. *Green v. Henry Cnty. Comm'n*, 2020 WL 974388, at *3 (M.D. Ala. Feb. 28, 2020). Here, because of the threshold immunity arguments presented by Defendant Baker's Motion, the Court should exercise that discretion to consider the merits of her Motion to Dismiss.

## III.   Legal Standard

Although both dispositive motions before the Court reference Federal Rule 12(b)(6), for the reasons discussed above, only Aiken's Motion is construed as such.  However, "[t]he legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." *Marshall v. Safeco Ins. Co. of Ind.*, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013).   Therefore, the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *see also Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).  No matter the authority given for dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss").  Rather, the complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation and internal

quotations omitted) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) only if "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations."  *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *see also King v. Akima Glob. Servs.*, LLC, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam).

Here, the Federal Rules of Civil Procedure 12(c), 12(b)(6), and 8(a) work in tandem.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Rule 8(a)(2) provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which

relief can be granted." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).

To that end, a complaint must state a facially plausible claim for relief, and "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). However, where "[m]ore specific allegations . . . would have remedied the pleading problems found by the district court," the court is required to give a *pro se* plaintiff the opportunity to amend his complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)) (internal quotation marks omitted).

## IV.   Baker's Motion to Dismiss

As noted, the Court will construe Baker's Motion to Dismiss, doc. 35, as a Motion for Judgment on the Pleadings. The facts specifically alleged against Defendant Baker are that Plaintiff was contacted by Defendant Baker regarding a virtual court hearing scheduled to occur on December 10, 2021. Doc. 31 at 1. Plaintiff responded to Defendant

Baker's communication with questions about entering evidence in the hearing, but after Defendant Baker asked for his case number, she purportedly never answered his question. *Id.* at 1-2. When he did not receive a response from Defendant Baker after three days, Plaintiff sent Defendant Baker his "evidence" which he hoped would be entered into the hearing on his behalf. *Id.* The Judge purportedly told Plaintiff she never received his evidence, and a protective order was placed against Plaintiff requiring him to remain at least 500 yards away from the protected individual. *Id.* The order effectively mandated that Plaintiff vacate his home because its location was within the confines of the protected area mandated by the order. *Id.*

In her brief, Defendant Baker argues that Plaintiff's claims are "barred by judicial immunity." Doc. 35-1 at 4. She notes, "[j]udges are absolutely immune from lawsuits for money damages involving actions taken in their judicial capacity, unless they acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Defendant Baker then lays out the standard for determining whether a judge was "acting in a judicial capacity for immunity purposes." *Id.* She then argues that "[s]taff members of a judge 'are

11

encompassed by a judge's absolute immunity" but concedes the entitlement applies only when their official duties have an "integral relationship with the judicial process." *Id.* at 5. As Defendant Baker summarizes, doc. 35-1 at 5-6, and as Plaintiff's own Second Amended Complaint makes clear, Defendant Baker is entitled to quasi-judicial immunity. *See* doc. 31 at 1 (alleging that Baker was "at all times" . . . "acting within the scope of employment with or under the agency of the Chatham County Superior Court.") Plaintiff's failure to respond to Defendant Baker's defense does not refute or correct his own concession in this regard. Thus, because the uncontroverted record indicates that Defendant Baker's communications and lack of action regarding the exhibits were made in her capacity as Judge Colbert's assistant, she qualifies as a nonjudicial official who is encompassed by Judge Colbert's absolute immunity. S*ee* doc. 35-1 at 6 (arguing that Baker "was acting within the scope of her position as Defendant Judge Colbert's assistant,--i.e., she was informing a litigant of the hearing.").

Defendant Baker includes a defense against any state law claims, arguing that, to the extent alleged, Plaintiff's malicious prosecution and/or defamation claim is barred under the Georgia Torts Claims Act,

O.C.G.A. §§ 50-21-20, *et. seq.* Under Georgia law, "[t]he state shall have no liability for losses resulting from . . . . [l]egislative, judicial, quasi-judicial, or prosecutorial action or inaction; false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander." O.C.G.A. §§ 50-21-24(4), (7). These enumerated limitations in the state's waiver of sovereign immunity render Plaintiff's allegations against Defendant Baker incapable of success. Thus, to the extent they are alleged, they should be dismissed.

Even if quasi-judicial immunity did not apply, the claims against Defendant Baker would still fail. Plaintiff has merely stated conclusory and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient. *Iqbal*, 556 U.S. at 678. In other words, Plaintiff would not be entitled to relief under any set of facts that could be proved consistent with his allegations against Defendant Baker and her Motion to Dismiss, doc. 35, construed as a motion for judgment on the pleadings under Rule 12(c), should be **GRANTED**.

## V. Aiken's Motion to Dismiss

As she did previously, Defendant Aiken claims that she is entitled to qualified immunity in her individual capacity.  In her present motion to dismiss, Aiken argues that she is employed by the Savannah Police department, and in that capacity contacted Plaintiff on January 20, 2022. Doc. 32 at 2.  Aiken states she warned Plaintiff about violating the protective order issued against him.  *Id.*  The next day, a warrant was issued for Plaintiff's arrest, charging Plaintiff with one count of aggravated stalking.  Doc. 31 at 9.  In the warrant, Defendant Aiken attested that Plaintiff violated the December 15, 2021 protective order in place against him on multiple dates from December 27, 2021 to January 17, 2022, and that Plaintiff admitted knowledge of the protective order. *Id.*

Defendant Aiken directs the Court to Plaintiff's exhibits, which clearly show that the District Attorney's Office of the Eastern Judicial Circuit of Georgia sent a letter to Defendant Aiken dated April 6, 2022, indicating that, if Plaintiff was arrested on the aforementioned warrant in another state, the District Attorney's Office would seek extradition. Doc. 32 at 3 (citing doc. 31 at 7).  Defendant Aiken also directs the Court

to Plaintiff's Second Amended Complaint, wherein Plaintiff recounts how
he admitted to Defendant Aiken that he had contacted the individual
protected by the order. *Id.* (citing doc. 31 at 2). Furthermore, Defendant
Aiken notes that, although Plaintiff claims the arrest was made without
a warrant and he was transferred to Georgia illegally, he attached a copy
of the Georgia warrant that was issued for his arrest on January 21,
2022, as well as the letter regarding extradition. *Id.* Aiken notes that
she was not present for Plaintiff's arrest by U.S. Marshals in Miami,
Florida. Doc. 32 at 3.

Defendant Aiken argues that she is entitled to qualified immunity
as to Plaintiff's claims of unlawful seizure, and, to the extent alleged, she
argues she is entitled to qualified immunity on Plaintiff's excessive force
claim. Doc. 32 at 6-10. Her defense to Plaintiff's unlawful seizure claim
includes argument that any related claims relevant to false arrest, false
imprisonment, and malicious prosecution also fail. *Id.* at 6-9. She then
argues that Plaintiff has failed to allege any illegal search, and that, to
the extent alleged, his illegal search claim should be dismissed as
insufficiently pled under Federal Rule 8. *Id.* at 10-11.

"Qualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019) (internal quotation marks omitted). To receive qualified immunity, the officer "bears the initial burden to prove that he acted within his discretionary authority." *Dukes v. Deaton*, 852 F.3d 1035, 1041 (11th Cir. 2017). Officers who act within their discretionary authority are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Aiken argues that her involvement in Plaintiff's arrest and prosecution revolved around "'investigating and securing an arrest warrant in response to reported criminal activity,'" actions which are within an officer such as Aiken's discretionary authority. Doc. 32 at 5 (quoting *Carter v. Gore*, 557 F. App'x 904, 907 (11th Cir. 2014)). Plaintiff does not dispute that Aiken acted within her discretionary authority, so he bears the burden of proving she is not entitled to qualified immunity.

Plaintiff instead relies upon the facts underpinning his claim that Defendant Aiken violated his constitutional rights. *See generally*, doc. 37. Although Plaintiff does not articulate a specific Fourth Amendment seizure claim, he appears to assert that Defendant Aiken had him unlawfully arrested, and then he was undeservedly prosecuted. *See generally*, doc. 31. "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under the Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, persons have the right not to be arrested without probable cause. [Cit.] Violation of this right may give rise to a claim for damages pursuant to section 1983 . . . ." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (citations omitted); *see also Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms the basis for a section 1983 claim." (citation omitted)). "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a

§ 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010).

Plaintiff alleges that there was "no warrant presented through the [w]hole process" of his arrest, detention, and extradition. Doc. 31 at 2. However, his own pleadings contradict this assertion. As noted, Plaintiff affixed to his Second Amended Complaint a copy of the warrant which was issued for his arrest. *Id.* at 9. Where "the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)). Thus, Plaintiff's claims regarding his false arrest and/or false

imprisonment are precluded because his arrest was not warrantless, and he provides no assertion that the warrant was improper.

On the other hand, Plaintiff also appears to assert that he was prosecuted undeservedly, and the Court construes these facts as an attempt to bring a malicious prosecution claim. "[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[W]arrant-based seizures fall within this category. In order to establish a federal malicious prosecution claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment.").

The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that

19

terminated in the plaintiff accused's favor; and (4) caused damage to the

plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted).

> [T]he favorable-termination element requires only that the
> criminal proceedings against the plaintiff formally end in a
> manner not inconsistent with his innocence on at least one
> charge that authorized his confinement.  A formal end to
> criminal proceedings will satisfy this standard unless it
> precludes any finding that the plaintiff was innocent of the
> charges that justified his seizure, which occurs only when the
> prosecution ends in the plaintiff's conviction on or admission
> of guilt to each charge that justified his seizure.

*Laskar v. Hurd*, 972 F.3d 1278, 1295 (11th Cir. 2020).  Although little is

known about the specific status of Plaintiff's prosecution, he admits that

he was charged with a crime that he is "fighting to this day."  Doc. 31 at

3.  Therefore, as Defendant Aiken noted, his allegations of malicious

prosecution fail because his prosecution has not terminated in his favor

or otherwise.  *See* doc. 32 at 3.

Defendant Aiken also seeks qualified immunity from Plaintiff's

excessive force claim to the extent he alleged such a claim.  Doc. 32 at 9-

10.  Plaintiff's Second Amended Complaint indeed recounts how he was

awoken by men shouting through his bedroom door "with guns drawn,"

and claims that U.S. Marshals transported him to an unknown location.

Doc. 31 at 2.  He also generally claims that Defendant Aiken "caused hurt

to the Plaintiff grandmother." *Id.* at 3.   "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Wade v. Daniels*, 36 F.4th 1318, 1323 (11th Cir. 2022) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002)).   However, not only has Plaintiff failed to allege any specific claim of excessive force, but he has also failed to establish any causal link between Defendant Aiken and any hypothetical use of excessive force.   *See Troupe v. Sarasota County,* 419 F.3d 1160, 1165 (11th Cir. 2005) ("A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation"); *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (holding that a § 1983 claim requires proof of an affirmative causal connection between the defendant's act and the alleged constitutional deprivation); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where [ ] causation [i]s absent").   Plaintiff presents no theory for holding Defendant Aiken liable for any potential excessive force claim. Thus, to the extent alleged, Plaintiff fails to state a claim for excessive force and thus his excessive force claim should be dismissed.

Defendant Aiken also notes that Plaintiff failed to allege any illegal search, and therefore, to the extent he intended to claim a violative search was conducted, his claim fails under the Federal Rules of Civil Procedure pleading standards.  Indeed, in reviewing Plaintiff's Amended Complaint, there is no assertion even hinting at an improper search. Therefore, this claim should also be dismissed.  *See* Fed. R. Civ. Pro. 8(a) (requiring a "short and plain statement" of the claim); *see also Iqbal*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)).

Plaintiff has not presented any other Fourth Amendment allegations, and to the extent he attempted to bring any other claims against Defendant Aiken, those claims should be dismissed for his failure to comply with the Court's prior order.  *See* doc. 29 at 16-17 (instructing Plaintiff that his Fourth Amendment claim is the only claim which he was allowed to assert against Defendant Aiken, and warning that other allegations would be disregarded).  Accordingly, Defendant Aiken's Motion to Dismiss should be **GRANTED**.  Doc. 32.

## VI.   CONCLUSION

The Court **RECOMMENDS** that Defendant Baker's Motion to Dismiss, construed as a Motion for Judgment on the Pleadings, doc. 35, be **GRANTED**.   The Court also **RECOMMENDS** that Defendant Aiken's Motion to Dismiss, doc. 32, be **GRANTED** and that Plaintiff's Second Amended Complaint be **DISMISSED**.   Finally, given the Court's recommendation that both remaining Defendants are immune from suit, Defendant Baker's Motion to Stay Discovery, doc. 36, is **GRANTED**, pending the District Judge's adoption of the present Report and Recommendation (R&R).   *See Roland v. Phillips*, 19 F.3d 552, 556 (11th Cir. 1994) (discussing officials entitled to quasi-judicial immunity *from suit* (emphasis added)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." (citing *Harlow v. Fitzgerald*, 457 U.S. at 817 (1982)).   Should the District Judge decline to adopt the R&R, the stay shall be lifted.

This R&R is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule

72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 15th day of November, 2024.


CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA